# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JOEY ARNEZ DONALDSON,**
**DOC # 372350,**

    **Plaintiff,**

**vs.**　　　　　　　　　　　　　　　　　　**Case No.  4:20cv76-WS-MAF**

**OFFICER HAWKINS,**
**and OFFICER BENNETT,**

    **Defendants.**
**_____/**

## REPORT AND RECOMMENDATION

This Report and Recommendation is entered to address Defendant Bennett's motion to set aside the Clerk's default, ECF No. 63, filed on June 1, 2021.  Defendant contends that good cause exists to set aside the default, pointing out that the "default was not willful."  *Id.* at 1-2.

Service of the pro se Plaintiff's fourth amended complaint, ECF No. 37, was first directed in early January 2021.  ECF No. 38.  Because both named Defendants are prison officials, service was directed through the use of the specially appointed process server at Wakulla Correctional

Institution. *Id.* When service returns had not been filed by March 2, 2021, a second service Order was entered. ECF No. 39.

Thereafter, a summons was returned executed on Defendant Bennett, ECF No. 42, but unexecuted on Defendant Hawkins.[1] ECF No. 41. The executed summons revealed Defendant Bennett was served with process on March 8, 2021, making his answer due by May 7, 2021. However, as a result of the second service Order, ECF No. 39, a second executed summons was filed for Defendant Bennett on April 15, 2021, ECF No. 48, noting that he had been served (again) on March 29, 2021.

As of May 11, 2021, when nothing had been received from Defendant Bennett, an Order was entered directing the Clerk of Court to note on the docket that Defendant Bennett was in default as required by Rule 55(a). ECF No. 56. That Order noted there might have been confusion due to the second service Order, ECF No. 39,[2] which re-directed service because responses were not timely filed. ECF No. 56. Notwithstanding, two other

---

[1] Assistance was requested from the Department of Corrections in locating Defendant Hawkins. ECF Nos. 43, 49. The Department provided further clarification, ECF No. 50, and service was re-directed on Defendant Hawkins on April 26, 2021. ECF No. 51. Defendant Hawkins was served with process on May 5, 2021, ECF No. 59, and a response to the complaint is due in early July 2021.

[2] If a response was calculated from the second service order, a response would not have been due until May 28, 2021.

Case No. 4:20cv76-WS-MAF

Orders in this case, ECF Nos. 49 and 51, made clear that Defendant Bennett had until May 7, 2021, to respond to Plaintiff's complaint.

The Clerk of Court entered the Defendant's default on the docket on May 14, 2021. ECF No. 60. On that same day, a notice of appearance of counsel was filed for Defendant Bennett. ECF No. 58. Three days later, counsel for Defendant Bennett filed a motion requesting an extension of time in which to file a responsive pleading to the complaint. ECF No. 61. Because no motion was filed to set aside the Clerk's default, the motion for an extension of time was granted only in part. ECF No. 62. Defendant Bennett was given until June 1, 2021, in which to proceed in accordance with Rule 55. *Id.*

**Motion to Set Aside the Clerk's Default**

In the instant motion, Defendant Bennett explains that the Clerk's entry of default should be set aside because he complied with the required procedures after service of process and the default was due to matters outside his control. ECF No. 63 at 3. In particular, Defendant Bennett advises that he, twice, provided the service "documents to the litigation coordinator at his current place of employment - Wakulla Correctional Institution." *Id.* at 2-3. The documents were then supposed to be

"forwarded to FDC's Central Office," who would assign the case to the Florida Department of Risk Management, who would then assign it to either contract counsel or the Office of the Attorney General. *Id.* at 3. The motion further reveals that the case was assigned to the AG's Office on May 12, 2021, and the Chief Assistant Attorney General for the Corrections Litigation Bureau assigned the case to counsel on May 13, 2021. ECF No. 63-1. The notice of appearance was filed on the following day. ECF No. 58. At the time the case was assigned on May 13th, the Chief Assistant Attorney General was unaware[3] that Defendant Bennett "had been served" as the assignment of counsel was made based on service of process on Defendant Hawkins. See ECF No. 63-1.

Because the failures that occurred in this case were not due to any actions of the Defendant, he asks that the default be set aside. ECF No. 63. In addition, Defendant Bennett contends that he "is likely to establish meritorious defenses." *Id.* First, he states he "may show that Plaintiff failed to properly exhaust his administrative remedies before filing suit." *Id.* That assertion is based, however, on the fact that "Plaintiff's Second Amended

---

[3] It is unclear how the AG's Office would have been assigned the case absent service of process on a defendant.

Complaint shows neither evidence or argument that Plaintiff attempted to exhaust his available administrative remedies." *Id.* at 4. Second, Defendant states that Plaintiff's allegations suggest that his actions may "have been due to negligence" in which case, liability cannot be imposed. ECF No. 63 at 4.

Pursuant to Rule 55, "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)." Fed. R. Civ. P. 55(c). Here, the Clerk entered a default, ECF No. 60, but a default judgment has not been entered. The appropriate standard is that of Rule 55(c) - whether there has been "good cause." Notably, the "good cause standard" is far less rigorous than the "excusable neglect standard" which is applied in setting aside a default judgment. EEOC v. Mike Smith Pontiac GMC, Inc., 896 F.2d 524, 528 (11th Cir. 1990); Trinity Aviation Servs., Ltd. v. Lopez, 635 F. App'x 853, 854 (11th Cir. 2016). Additionally, within the Eleventh Circuit is a "strong preference that cases be heard on the merits," Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985) (per curiam), and litigants be afforded "his or her day in court, if possible." Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1339 (11th Cir. 2005). "'[A] technical error or a slight mistake' by a party's

attorney should not deprive the party of an opportunity to present the merits of his claim." Blois v. Friday, 612 F.2d 938, 940 (5th Cir. 1980) (per curiam) (quoted in Fla. Physician's Ins. Co. v. Ehlers, 8 F.3d 780, 783 (11th Cir. 1993)).

The Eleventh Circuit has explained the "good cause" standard as follows:

> "Good cause" is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance. We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default. Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause" to set aside a default. However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief.

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (internal citations and quotations omitted) (quoted in Fed. Trade Comm'n v. MOBE Ltd., No.

Page 7 of 12

618CV862ORL37DCI, 2019 WL 3503285, at *2-3 (M.D. Fla. Apr. 19, 2019)).  Good cause is not shown, however, when the failure to defend an action is due to a lack of diligence.  Fla. Physician's Ins. Co., 8 F.3d at 784 (noting that "inaction demonstrates a lack of diligence" and pointing out the events that should have "warned" defendant Ehlers that counsel "might not be adequately defending his case" which should have prompted him to take actions "to ensue that his interests were being sufficiently represented").  That is especially true if there is a "failure to establish minimum procedural safeguards" for taking "action in response to a summons and complaint."  8 F.3d at 784 (concluding that "Ehlers did not establish good cause fo his default").

This case demonstrates the problems encountered recently in serving persons employed by the Florida Department of Corrections.  The first service Order, ECF No. 38, was entered in early January 2021, but timely responses were not received from the specially appointed process server at the correctional institution.[4]  Fifty-five days later, a second service

---

[4] Service orders to the DOC require that within 14 days of entry of such an order, the U.S. Marshals Service must mail the complaint, summons, and service order to a special process server at an institution who must then serve the complaint and summons within 10 days of receipt.  See ECF No. 38 at 4.  If a defendant is no longer employed at an institution, that must be reported to the Clerk of Court within 10 days.

Case No. 4:20cv76-WS-MAF

Order, ECF No. 39, was entered because no responsive documents were received.  A little over two weeks later, the executed summons was filed for Defendant Bennett, ECF No. 42, and an unexecuted summons for Defendant Hawkins.  A third Order was then sent to the Department seeking assistance in locating Defendant Hawkins so service could be carried out. ECF No. 43.  The response initially provided from the Department, ECF No. 46, caused additional concern because it advised that Defendant Hawkins was "a current employee of Wakulla CI," the location where service was attempted previously and returned "unexecuted" because the Defendant was supposedly no longer employed there.  *See* ECF No. 41.  Thus, another Order was entered requiring clarification from the Department.  ECF No. 49.  The Department's response explained confusion at the institution "over whether Officer Hawkins was the same Officer Hawkins that currently is employed at Wakulla Correctional Institution or another Officer Hawkins that is no longer employed at Wakulla C.I."  ECF No. 50.  Based on that response, a fifth

---

*Id.*  If the defendant is still employed there, the defendant is to be served within 10 days and the process server must return the summons as proof of service.  *Id.*  Those deadlines are provided to ensure that service of process occurs within 60 days as required by Rule 4(m).

Order, ECF No. 51, was entered to redirect service on Defendant Hawkins.

Those service problems have created issues in this case, and other cases. These problems caused delay across the board because entering multiple orders in one case delays justice in all other cases before this Court. However, despite those procedural glitches, it does not appear that Defendant Bennett acted wilfully in not responding to the complaint. The instant motion indicates the Defendant did what was required of him. ECF No. 63 at 3. Although the service of a second complaint and summons should certainly have prompted a reasonable person to take an additional step to ensure his interests were being represented, it cannot be declared on this record that the Defendant was acting in bad faith by relying on other persons to follow procedures. The procedures could benefit from better safety measures, but there is no indication that Defendant Bennett personally failed to take any required action. Thus, the failure to respond in a timely manner to the complaint was not wilful.

Additionally, the second summons was not filed until May 13, 2021, ECF No. 59, and the case was not received by the AG's Office until May 12, 2021. ECF No. 63-1. By that time, Defendant Bennett was already in default. Nevertheless, a notice of appearance was promptly filed on

Friday, May 14, 2021, ECF No. 60, for both Defendants and a motion for an extension of time was filed on Monday, May 17th. It appears that good cause exists and that counsel has acted diligently after filing the notice of appearance.[5]

Furthermore, there has been no showing of prejudice to the Plaintiff. Plaintiff did not advise the Court of the Defendant's default and, indeed, Plaintiff has taken no action concerning that default.

As noted above, counsel has also asserted that there are two arguments to present with potentially "meritorious" defenses. Although Defendant has not yet submitted a motion to dismiss, Defendant argues that Plaintiff's complaint does not show exhaustion and, in addition, appears to be based on negligence. ECF No. 63 at 4. Notably, "[a] defendant has a meritorious defense if it raises a good defense at law." United Coin Meter Co. v. Seaboard Coastline R.R., 705 F.2d 839, 845 (6th Cir.1983) (relied on in Retina-X Studios, LLC v. ADVAA, LLC, 303 F.R.D. 642, 657 (M.D. Fla. 2014)). "Thus, whether a defense is meritorious does not depend on its likelihood of success." Retina-X Studios, LLC, 303

---

[5] It is still unknown why this case was not assigned for representation until mid-May when Defendant Hawkins was served with process and not when Defendant Bennett was served in March 2021.

F.R.D. at 657. That is particularly important here because exhaustion is not a burden that is shouldered by the Plaintiff; rather, it is an affirmative defense. Defendant Bennett should be permitted to proceed in defending this case, and the Clerk's default should be lifted.

## RECOMMENDATION

It is respectfully recommended that Defendant Bennett's motion to set aside the clerk's default, ECF No. 63, be **GRANTED**, and Defendant be permitted to file a motion to dismiss within 10 days. It is further recommended that this case be remanded for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on June 4, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ.**

**P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**