# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JOEY ARNEZ DONALDSON,**
**D.O.C. # 372350,**

    **Plaintiff,**

vs.                                              Case No. 4:20cv76-WS-MAF

**OFFICER HAWKINS,**
**and OFFICER BENNETT,**

    **Defendants.**

_____/

## **SECOND REPORT AND RECOMMENDATION**[1]

In December 2020, the pro se Plaintiff filed a fourth amended complaint. ECF No. 37. Finding it sufficient, service was directed. On June 11, 2021, Defendants filed a motion to dismiss the fourth amended complaint ["complaint"]. ECF No. 65. Plaintiff has been given until August 23, 2021, to file a response in opposition to that motion. ECF No. 72.

Also pending in this case is Plaintiff's motion for a restraining order, ECF No. 53, filed against Defendant Bennett. Both Defendants have filed

---

[1] The first Report and Recommendation, ECF No. 64, recommended that Defendant Bennett's motion to set aside the Clerk's entry of default be granted. That recommendation was adopted without objection. ECF No. 69.

a response to that motion. ECF No. 73. Having reviewed this issue, it is recommended that Plaintiff's motion be denied.

In his complaint, ECF No. 37, Plaintiff alleged that he was housed at Wakulla Correctional Institution, and he said that he advised both Defendants that he and another inmate (Peeples) had been arguing for quite some time, and that the inmate threatened to stab him. ECF No. 37 at 6. Defendants replied that they did not care and did not like Plaintiff because he was a "rapist." *Id.* at 6-7. A short time later, Plaintiff was left alone with inmate Peeples in a room where a group meeting was scheduled to begin. *Id.* at 7. Plaintiff contends that because the Defendants failed to properly search inmate Peeples and restrain him, he was able to slip out of his hand restraints and attack Plaintiff, stabbing him repeatedly with a shank. *Id.* at 5, 7.

In his Motion for a Restraining Order, ECF No. 53, Plaintiff claimed that he has remained housed in the O-Dormitory of Wakulla C.I. where Defendant Bennett harasses him "every day he [is] on duty inside of [that] dorm." ECF No. 53 at 1. Plaintiff contends that Defendant Bennett threatened to have another inmate stab Plaintiff because of this lawsuit. *Id.* Plaintiff also reported that Defendant Bennett has the inmate orderlies in

the dormitory "tamper with" Plaintiff's food by spitting on his dinner trays. Plaintiff reported that he was in fear for his life and he requested that he be moved away from Defendant Bennett.  *Id.*

In response, Defendants advise that "[a]s of July 26, 2021, the Plaintiff is housed at Suwannee Correctional Institution in Live Oak" Florida which is "approximately 95 miles east of Wakulla C.I."  ECF No. 73 at 3. Defendants request that the motion be denied as moot.

Granting or denying a preliminary injunction is a decision within the discretion of the district court.  <u>Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd.</u>, 112 F.3d 1125, 1126 (11th Cir. 1997) (citing <u>United States v. Lambert</u>, 695 F.2d 536, 539 (11th Cir. 1983)).  Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983).  A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always upon the Plaintiff.  Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000); Jefferson Cnty., 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

   In this case, there cannot be a substantial threat of irreparable injury because the record shows that Plaintiff has been transferred.  Indeed, Plaintiff had filed a notice of his change of address in late June 2021, ECF No. 68, and his recent motion for an extension of time, ECF No. 71, confirms again that Plaintiff is housed at Suwannee C.I. and is no longer at Wakulla C.I.  Plaintiff is no longer physically present with Defendant Bennett and he has, in effect, already been granted the relief he sought.  In light thereof, the motion for a restraining order, ECF No. 53, should be denied as moot.  *See* Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Zatler v. Wainwright, 802 F.2d 397, 399 (11th Cir. 1987).

## RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's motion for a restraining order, ECF No. 53, be **DENIED** as moot, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on July 28, 2021.

 S/     Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**