IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**JOEY ARNEZ DONALDSON,
DOC # 372350,**

    Plaintiff,

vs.                                                   Case No.  4:20cv76-WS-MAF

**OFFICER HAWKINS,
and OFFICER BENNETT,**

    Defendants.
_____/

## REPORT AND RECOMMENDATION

After Defendants filed a motion to dismiss Plaintiff's fourth amended complaint for failure to state a claim, ECF No. 65, the pro se Plaintiff filed a motion requesting leave to file a fifth amended complaint. ECF No. 80. Plaintiff's motion was granted, ECF No. 82, and Defendants were required to respond to Plaintiff's fifth amended complaint, ECF No. 78. On October 14, 2021, Defendants filed a motion to dismiss, ECF No. 84, directed only as to Plaintiff's request for a declaratory judgment. Plaintiff was directed to file a response to that motion if he opposed it, ECF No. 85, and his deadline (November 15, 2021) has now passed.

Thus, Defendants' motion to dismiss is unopposed. ECF No. 84. Local Rule 7.1 provides that the Court "may grant a motion by default if an opposing party does not file a memorandum as required by this rule." N.D. Fla. Loc. R. 7.1(H). In this case, however, Defendants' motion to dismiss has been reviewed and the issue is decided on the merits.

Plaintiff's fifth amended compliant was filed in late September 2021. At that time, Plaintiff was incarcerated in the Florida Department of Corrections at the Suwannee Correctional Institution.[1] ECF No. 78 at 2. The Defendants, who are sued in their individual capacities only, were assigned to Wakulla Correctional Institution Annex, which is where the events at issue in this case took place. *Id.* at 3-5. Plaintiff's claims against the Defendants are that they failed to protect him from a known threat in violation of the Eighth Amendment. *Id.* at 4-6. Plaintiff was injured when he was attacked by another inmate and he alleged that he suffered "a lasting physical injury to the Plaintiff's left hand." *Id.* at 6. As relief, Plaintiff seeks a declaratory judgment, compensatory and punitive damages, as well as any equitable relief deemed just and proper. *Id.* at 6-7.

---

[1] Indeed, Plaintiff remains incarcerated at Suwannee Correctional Institution.

Case No. 4:20cv76-WS-MAF

The Supreme Court has made clear that a declaratory judgment should not be entered where there is "no claimed continuing violation of federal law, and therefore no occasion to issue an injunction." Green v. Mansour, 474 U.S. 64, 73, 106 S. Ct. 423, 428, 88 L. Ed. 2d 371 (1985). Where a plaintiff has not demonstrated that he faces "any threat of" the Defendants violating the law "in the future," he is not entitled to a declaratory judgment. Green, 474 U.S. at 73, 106 S. Ct. at 428. Here, Defendant argues that declaratory relief is a remedy unavailable "to Plaintiff as a matter of law because the violations are not 'ongoing.'" ECF No. 84 at 5 (citing Green, 474 U.S. at 73).

It is true that Plaintiff is not incarcerated in the same correctional facility with the Defendants. It is also true that he did not allege a likelihood of being returned to Wakulla Correctional Institution Annex, or of any further threat of harm from the Defendants. However, the bar against issuance of a declaratory judgment as stated in Green v. Mansour is based on the Eleventh Amendment. *See* 474 U.S. at 73, 106 S. Ct. at 428. The Supreme Court recognized that where there "was no threat of state officials violating the repealed law in the future," the Eleventh Amendment prohibited the issuance of a declaratory judgment to adjudicate past violations of federal

law."  Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1338 (11th Cir. 1999) (citing Green, 474 U.S. at 73, 106 S.Ct. 423).  Here, Plaintiff's claims are brought against the Defendants in their individual capacities only, and the "Eleventh Amendment does not bar individual-capacity claims."  Mendoza v. Inch, No. 4:18cv66-RH-CAS, 2019 WL 1236056, at *1 (N.D. Fla. Mar. 17, 2019); Hafer v. Melo, 502 U.S. 21, 30-31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991) ("[T]he Eleventh Amendment does not erect a barrier against suits to impose 'individual and personal liability' on state officials") (quoted in Attwood v. Clemons, 818 F. App'x 863, 867 (11th Cir. 2020)).  Thus, as presented, Defendants' motion to dismiss, ECF No. 84, should be denied.

Nevertheless, when a prisoner has been transferred to another institution, his claims for injunctive and declaratory relief are generally deemed to be moot.  See Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985); Spears v. Thigpen, 846 F.2d 1327, 1328 (11th Cir. 1988).  That is true because, absent a claim for damages for past injury, there is no longer a continuing case or controversy.

For example, in Spears, the prisoner filed suit to challenge "various aspects of his confinement in administrative segregation at the West

Jefferson Correctional Facility in Bessemer, Alabama." Spears, 846 F.2d at 1327. Spears "sought injunctive and declaratory relief" to remedy the constitutional violations alleged. 846 F.2d at 1327. The Eleventh Circuit relied on language from Wahl in noting that "an inmate's claim for injunctive and declaratory relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred." Id. at 1328 (citing to Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985)). The Court held that after his transfer, Spears' "claims for injunctive and declaratory relief relating to the conditions of his administrative segregation at the West Jefferson facility no longer presented a case or controversy." 846 F.2d at 1328.

This case, on the other hand, challenges the actions of two Defendants which Plaintiff contends subjected him to physical violence by another inmate. Furthermore, Plaintiff alleged that he suffered physical injury as a result, and he seeks monetary damages. In that respect, this case is different from either Wahl or Spears as there remains a case or controversy to be decided because Plaintiff alleged continuing harm to his arm. Wahl, 773 F.2d at 1173-74 (citing O'Shea v. Littleton, 414 U.S. 488, 495-96, 94 S. Ct. 669, 675-76, 38 L. Ed. 2d 674 (1974), for the holding that "[p]ast

exposure to illegal conduct does not constitute a present case or controversy involving injunctive relief if unaccompanied by any continuing, present adverse effects").

Notably, the Declaratory Judgment Act, 28 U.S.C. § 2201, states in pertinent part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). The Act is not limited to cases that seek only equitable relief and do not seek monetary relief. However, it still remains that there is no basis for a declaratory judgment if the plaintiff has not alleged facts which demonstrate "that there is a 'substantial likelihood that he will suffer injury in the future.'" Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999) (quoted in Halmu v. Beck, No. 20-21410-CIV, 2021 WL 980912, at *6 (S.D. Fla. Mar. 15, 2021)). That is so because there is no need to declare a party's rights for the future if there is no likelihood of future harm.

Because Plaintiff is not located with the Defendants, it does not appear there is a substantial likelihood that he will suffer future injury. Moreover, no useful purpose is served in retaining a request for a declaratory judgment. Without that request for relief, Plaintiff still has presented a justiciable controversy as to whether Defendants' actions violated his Eighth Amendment rights. If Plaintiff is ultimately successful, a judgment will be entered in his favor and an award of monetary damages. That judgment, if entered, will necessarily declare his rights and declare that they were violated. A separate request for a declaratory judgment adds nothing. Accordingly, that request for relief should be dismissed.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendants' unopposed motion to dismiss the claim for declaratory relief, ECF No. 84, be **GRANTED**, and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on December 6, 2021.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.