# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**JOEY ARNEZ DONALDSON,**
**DOC # 372350,**

    **Plaintiff,**

vs.                                              Case No. 4:20cv76-WS-MAF

**OFFICER HAWKINS,**
**and OFFICER BENNETT,**

    **Defendants.**

_____/

## **FOURTH REPORT AND RECOMMENDATION**[1]

An Initial Scheduling Order was entered in January 2022, ECF No. 89, advising that motions for summary judgment were to be filed by May 13, 2022. Two additional Orders reminded the parties of that deadline.

---

[1] A Report and Recommendation was first entered on May 1, 2020, recommending the case be dismissed for failure to prosecute. ECF No. 7. It was later vacated and Plaintiff given more time to pay the initial partial filing fee. ECF No. 9. Another Report and Recommendation was entered on June 4, 2021, recommending Defendant Bennett's motion to set aside the clerk's default be granted. ECF No. 64. That recommendation was adopted. ECF No. 69. A second Report and Recommendation was entered on July 28, 2021, ECF No. 74, concerning Plaintiff's motion for a restraining order. The recommendation was granted and Plaintiff's motion was denied. ECF No. 83. A third Report and Recommendation was entered on December 6, 2021, ECF No. 86, recommending Defendants' motion to dismiss the claim for declaratory judgment be granted. That recommendation was also adopted. ECF No. 87.

ECF Nos. 99, 100. Only Defendants filed a summary judgment motion. ECF No. 106. The pro se Plaintiff was advised of his responsibility to file a response in opposition to the motion and given until June 29, 2022, to do so, ECF No. 107, but as of this date, no response has been filed. Defendants' motion for summary judgment is unopposed.

The Local Rules of this Court permit the Court to "grant a motion by default if an opposing party does not file a memorandum" in opposition to a motion. N.D. Fla. Loc. R. 7.1(H). Nevertheless, the Court has fully reviewed Defendants' motion, ECF No. 106, together with Plaintiff's complaint, ECF No. 78, which was sworn under penalty of perjury.

**Fifth Amended Complaint, ECF No. 78**

Plaintiff alleged that while incarcerated in the Close Management unit at Wakulla Correctional Institution, he was arguing with inmate Peeples.[2] *Id.* at 3. Plaintiff alleged that Defendants came to remove him from his cell, and while being placed in full restraints, he told the Defendants that he was afraid of being attacked by inmate Peeples. *Id.* at 4. Plaintiff said that Defendants heard Peeples threaten to stab him with a shank. *Id.* Plaintiff

---

[2] Plaintiff contends that because they were both on Close Management Level One, he and inmate Peeples were "housed alone." ECF No. 78 at 3.

was escorted by the Defendants to the "group room" and placed in a security chair.  *Id.*  Plaintiff said that Defendants then went to Peeples' cell and, after searching him "to ensure he had a shank to attack the Plaintiff," they "loosely" put Peeples in full restraints.  ECF No. 78 at 4.  Plaintiff claimed the reason Defendants "loosely" restrained Peeples was so he "could slip his restraints."  *Id.*  Defendants then escorted Peeples to the group room, placed him in a chair "right next to the Plaintiff" although other chairs were available, and then "left the Quad completely."  *Id.* at 5.  While they were left unsupervised, inmate Peeples "defeated his restraints," pulled out a shank, and repeatedly stabbed Plaintiff.  *Id.*  Plaintiff alleged Defendants were deliberately indifferent to his safety in violation of the Eighth Amendment.  *Id.* at 6.

**Procedural Issue**

Defendants' motion for summary judgment presents several defenses.  ECF No. 106.  Defendants contend judgment should be granted in their favor because Plaintiff's allegations are contradicted by prior statements, Plaintiff cannot submit evidence showing that any Defendant knew ahead of time that inmate Peeples was a threat to Plaintiff, and they state that Defendants did not have an opportunity to intervene because

they were not present when the incident occurred.  *Id.* at 16-20.  Further, Defendants claim they are entitled to qualified immunity.  *Id.* at 20-21.

Notably, Defendants also argue that Plaintiff failed to exhaust his administrative remedies.  *Id.* at 6-11.  It is true that exhaustion is required and is mandated by federal law - 42 U.S.C. § 1997e(a).  Jones v. Bock, 549 U.S. 199, 216, 127 S.Ct. 910, 921, 166 L.Ed.2d 798 (2007); Brooks v. Warden, 706 F. App'x 965, 968 (11th Cir. 2017).  An "exhaustion defense should be raised in a motion to dismiss under Rule 12(b)."  Bryant v. Rich, 530 F.3d 1368, 1374-75 (11th Cir. 2008) (quoted in Brooks, 706 F. App'x at 968).

On October 14, 2021, Defendants filed a motion to dismiss.  ECF No. 84.  That motion did not argue that Plaintiff failed to exhaust administrative remedies but, instead, Defendants asserted only that Plaintiff was not entitled to declaratory relief as Defendants[3] were protected by Eleventh Amendment immunity.  *Id.* at 4-5.  That argument was rejected because Defendants were sued only in their individual capacities and Eleventh Amendment immunity is only applicable to official capacity claims.  ECF No. 86 at 4.  Notwithstanding, Plaintiff did not allege facts showing a

---

[3] Defendants also did not raise the exhaustion defense in their answer.  ECF No. 90.

Case No. 4:20cv76-WS-MAF

substantial likelihood of future injury by the Defendants. Thus, Plaintiff's request for declaratory relief was dismissed. Id. at 7; ECF No. 87.

Rule 12(g)(2) of the Federal Rules of Civil Procedure limits "defenses that can be raised for the first time in a second or successive motion to dismiss under Rule 12." Brooks, 706 F. App'x at 968. "Specifically, the rule says: 'Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.'" Fed. R. Civ. P. 12(g)(2) (quoted in 706 F. App'x at 968). Thus, "a party cannot raise a defense in a second Rule 12 motion that it failed to raise in its first Rule 12 motion." 706 F. App'x at 968; *see also* Ford v. Hayes, No. 3:15-CV-907-J-32JRK, 2018 WL 3831167, at *6, n.8 (M.D. Fla. Aug. 13, 2018) (finding that defendants "forfeited the right to raise the defense in a subsequent motion" to dismiss); Oliver v. Whitehead, No. 3:14-CV-1506-J-39JRK, 2017 WL 5187752, at *2 (M.D. Fla. Nov. 9, 2017) (rejecting exhaustion defense raised in summary judgment motion because it was not raised in prior motion).

In this case, Defendants cannot raise the affirmative defense of exhaustion in their motion for summary judgment since they previously filed

a motion to dismiss which failed to raise this issue.  Brooks, 706 F. App'x at 969 (holding that untimely exhaustion defense was procedurally barred under Rule 12(g)(2) because it was not raised in the first motion to dismiss).  This part of the motion for summary judgment, ECF No. 106, should be denied.

**Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).  Thus, summary judgment is proper "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  As noted above, the parties were provided adequate time to conduct discovery.

The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must then show[4] though affidavits or other Rule 56 evidence "that there is a genuine issue for trial" or "an absence of evidence to support the nonmoving party's case." Id. at 325, 106 S. Ct. at 2554; Beard v. Banks, 548 U.S. 521, 529, 126 S. Ct. 2572, 2578, 165 L. Ed. 2d 697 (2006).

An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). Additionally, "the issue of fact must be 'genuine'" and the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (other citations omitted). "The mere

---

[4] "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), cert. denied 522 U.S. 1126 (1998) (quoting Celotex, 477 U.S. at 324, 106 S. Ct. at 2553) (quoting Fed. R. Civ. P. 56(c), (e))). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." McCormick v. City of Fort Lauderdale, 333 F.3d 1234, 1243 (11th Cir. 2003) (quoting Chapman v. AI Transp., 229 F.3d 1012, 1023 (11th Cir. 2000)).  All reasonable inferences must be resolved in the light most favorable to the nonmoving party, Sconiers v. Lockhart, 946 F.3d 1256, 1262-63 (11th Cir. 2020), and the Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260 (quoting Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986)).

"Summary judgment is not a time for fact-finding; that task is reserved for trial."  Sconiers, 946 F.3d at 1263 (11th Cir. 2020) (citing Tolan v. Cotton, 572 U.S. 650, 655-57, 134 S. Ct. 1861, 188 L. Ed. 2d 895 (2014)). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249, 106 S. Ct. at 2511 (quoted in Sears v. Roberts, 922 F.3d 1199, 1205 (11th Cir. 2019)).

**Rule 56 Evidence**[5]

Defendants submitted an Incident Report for January 22, 2019.  ECF No. 106-4.  It reveals that Plaintiff and inmate Spencer Peeples were in the 01 Group Room of the Oscar Dormitory.  *Id.*  As Sergeant Jason Horton was walking in the Sally Port area towards the wing, he saw that inmate Peeples had "slipped one hand free of his restraints."  *Id.*  Peeples stabbed Plaintiff "in the back of the head and left hand multiple times."  *Id.*  Sergeant Horton entered the room and ordered Peeples to drop his weapon.  *Id.*  He complied and hand restraints were applied.  *Id.*  Peeples received a disciplinary report for "battery or attempted battery on" another inmate, as well as "possession of a weapon."  *Id.*  Plaintiff was taken to "medical and treated for non-life threatening injuries."  *Id.*  Plaintiff "had nine puncture wounds to his left hand and four puncture wounds to the back of his head and neck."  *Id.*  Staff were informed that Plaintiff and inmate Peeples should not "be removed from their cells at the same time."  *Id.*

---

[5] Defendants provided only the barest of statements of "material undisputed facts" - one sentence that "Plaintiff was attacked an injured by another inmate on January 22, 2019."  ECF No. 106 at 4.  That sentence lacks any information concerning the Defendants.  Despite Defendants' failure, the Court has reviewed the evidence provided with the motion to more appropriately determine the relevant facts and decide if there is an issue for trial.

Defendant Michael Hawkins submitted a declaration[6] in support of the summary judgment motion.  ECF No. 106-6.  He disputes the factual allegations presented by Plaintiff in his fifth amended complaint and states they "are not true."  *Id.* at 1.

Defendant Hawkins states that inmate Peeples was escorted into the O-dormitory group room in restraints.  *Id.*  Plaintiff was already present in that room.  *Id.*  Defendant Hawkins said that he did not hear Peeples threaten the Plaintiff, and did not know he had a weapon.  *Id.* at 2.  Further, the Defendant states that he did not search Peeples "to make sure he had a weapon on him" nor did he seat him next to Plaintiff to ensure he could stab the Plaintiff.  *Id.*  Defendant Hawkins also declares that Plaintiff never told him that he was afraid of inmate Peeples.  *Id.*  Finally, Defendant said that he "did not know" that Peeples could break free of his restraints or that he would stab the Plaintiff.  *Id.*

Although Plaintiff did not respond to the summary judgment motion, his fifth amended complaint was submitted under penalty of perjury.  ECF

---

[6] The index to exhibits lists a declaration by Defendant Hawkins (Exhibit F) and a declaration by Defendant Bennett (Exhibit E).  ECF No. 106 at 23.  Exhibit E, however, is blank and, thus, no declaration has been filed for Defendant Bennett.  ECF No. 106-5.

Case No. 4:20cv76-WS-MAF

No. 78 at 8. Plaintiff's sworn allegations may be considered as evidence in ruling on Defendants' summary judgment motion.[7]

Plaintiff said that when inmate Peeples threatened to stab him with a shank, "Defendants heard this threat." ECF No. 78 at 4. Plaintiff said he told the Defendants when they removed him from his cell that he was afraid of being attacked by Peeples. *Id.* Defendants took him to the group room and secured him in a "security chair." *Id.* Defendants then brought inmate Peeples to the room and placed him in a chair right next to Plaintiff even though there were other chairs farther away from Plaintiff. *Id.* at 5. Defendants then left the Quad. *Id.* While unsupervised, inmate Peeples repeatedly stabbed Plaintiff in the head, neck, and left hand. *Id.*

**Analysis**

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 128 L. Ed.

---

[7] Statements made by a plaintiff in a verified complaint, sworn response to a motion for summary judgment, or sworn affidavit are properly treated as testimony in ruling on a summary judgment motion. Sears v. Roberts, 922 F.3d 1199, 1206 (11th Cir. 2019) (citing United States v. Stein, 881 F.3d 853, 857 (11th Cir. 2018) (noting that "a litigant's self-serving statements based on personal knowledge or observation can defeat summary judgment.")). Notwithstanding, only those statements which were based on personal knowledge have been credited as evidence.

2d 811 (1994). Although the Amendment does not require comfortable prisons, it does prohibit inhumane ones. *Id.* The Eighth Amendment[8] guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S. Ct. 2392, 2399, 69 L. Ed. 2d 59 (1981) (quoted in Chandler v. Crosby, 379 F.3d 1278, 1289 (11th Cir. 2004)). Those "necessities include food, clothing, shelter, sanitation, medical care, and personal safety." Harris v. Thigpen, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in Collins v. Homestead Corr'l Inst., 452 F.App'x 848, 850-851 (11th Cir. 2011)).

In guaranteeing an inmate's safety, the Eighth Amendment "imposes a duty on prison officials to provide 'humane conditions of confinement,' and to 'take reasonable measures to guarantee the safety of the inmates.'" Bugge v. Roberts, 430 F. App'x 753, 757 (11th Cir. 2011) (quoting Farmer, 511 U.S. at 832). "[P]rison officials have a duty 'to protect prisoners from

---

[8] "In the prison context, three distinct Eighth Amendment claims are available to plaintiff inmates alleging cruel and unusual punishment, each of which requires a different showing to establish a constitutional violation." Thomas v. Bryant, 614 F.3d 1288, 1303-04 (11th Cir. 2010). One claim concerns the conditions of confinement, another challenges the unnecessary and excessive use of force, and the third claim is for deliberate indifference. In the deliberate indifference context, there are two varieties of such claims: deliberate indifference to medical needs and deliberate indifference to a sufficiently serious risk of harm. *See* Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976), and Rhodes v. Chapman, 452 U.S. 337, 345, 101 S. Ct. 2392, 2398, 69 L. Ed. 2d 59 (1981).

Case No. 4:20cv76-WS-MAF

violence at the hands of other prisoners.'" Bugge, 430 F. App'x at 757 (quoting Farmer, 511 U.S. at 833). "A prison official violates the Eighth Amendment's prohibition against cruel and unusual punishment if [the official] is deliberately indifferent to a substantial risk of serious harm to an inmate who suffers injury." Marbury v. Warden, 936 F.3d 1227, 1233 (11th Cir. 2019) (citation omitted); *see also* Q.F. v. Daniel, 768 F. App'x 935, 944 (11th Cir. 2019) (finding that a prison inmate has a constitutional right to be protected from threats of violence and physical assault by other inmates, citing Zatler v. Wainwright, 802 F.2d 397, 400 (11th Cir. 1986)). However, not "every injury suffered by one prisoner at the hands of another" means that prison officials should be held liable. Purcell ex rel. Estate of Morgan v. Toombs Cty., Ga, 400 F.3d 1313, 1319 (11th Cir. 2005) (quoting Farmer, 511 U.S. at 834). "[A] prison official who was unaware of a substantial risk of harm to an inmate" cannot be held liable under the Eighth Amendment. Farmer, 511 U.S. at 842, 114 S. Ct. at 1981.

In the case of a prisoner who claims that prison officials failed to protect them, there is both an objective component and a subjective component. Helling v. McKinney, 509 U.S. 25, 30, 113 S. Ct. 2475, 2479, 125 L. Ed. 2d 22 (1993); *see also* Hudson v. McMillian, 503 U.S. 1, 8, 112

S. Ct. 995, 999-1000, 117 L. Ed. 2d 156 (1992); Q.F., 768 F. App'x at 944. An inmate must first "show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer, 511 U.S. at 834, 114 S. Ct. at 1977 (citing to Helling, 509 U.S. at 35, 113 S. Ct. at 2481). Second, the inmate must show that prison officials knew of and disregarded an excessive risk to inmate health or safety. Farmer, 511 U.S. at 837, 114 S. Ct. at 1979. There must be evidence to show that Defendants were deliberately indifferent to an "excessive risk" to his safety. 511 U.S. at 837, 114 S. Ct. at 1979. Put simply, a prisoner must show that a defendant prison official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." 511 U.S. at 837, 114 S. Ct. at 1979. "The known risk of injury must be 'a strong likelihood, rather than a mere possibility' before a guard's failure to act can constitute deliberate indifference." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (citations omitted).

     Here, Plaintiff's sworn complaint is sufficient evidence to show that he was "incarcerated under conditions posing a substantial risk of serious harm." According to Plaintiff, Defendants were aware that inmate Peeples had threatened to stab him because Defendants heard the threat. Plaintiff

also told the Defendants that he was afraid of Peeples.  Notably, Defendant Hawkins declared that he did not hear Peeples threaten the Plaintiff and he denies that Plaintiff reported his fear of Peeples.  That issue creates a dispute of fact on this first element of Plaintiff's claim.  However, the dispute over this issue is not case dispositive.

Defendant Hawkins also said he did not know inmate Peeples had a weapon, did not "make sure he had a weapon on him," and did not seat Peeples next to Plaintiff so he could stab him.  Moreover, Defendant said he "did not know" that Peeples could break free of his restraints or try to stab Plaintiff.  Plaintiff's sworn allegations in the complaint are insufficient to raise a genuine dispute as to those events.  That is so because Rule 56(c) requires that an affidavit be "made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."  United States v. Stein, 881 F.3d 853, 858 (11th Cir. 2018).  The sworn statements made by Plaintiff in his complaint may be construed as an affidavit, but only to the degree Plaintiff provided facts based on his "personal knowledge."

In Pace v. Capobianco, 283 F.3d 1275, 1280-81 (11th Cir. 2002), the Eleventh Circuit found that a witness's affidavit was "inadequate to create

an issue of fact" at the summary judgment stage.  The reason was, Willie Hedge, the witness, had a "view of events" that was "incomplete."  Pace, 283 F.3d at 1280.  Therefore, Mr. Hedge's affidavit presented a "conclusory opinion" that was not based on personal knowledge.  Id. at 1280-81.

The same problem exists in this case.  Plaintiff's sworn allegations make clear that all of the Defendants actions with inmate Peeples occurred after Plaintiff was restrained in the security chair in the group room.  Plaintiff said that the Defendants went to Peeples' cell, searched him there to ensure he had a shank, then "loosely" put Peeples in full restraints.  ECF No. 78 at 4.  However, Plaintiff has not shown that he had personal knowledge about those events because Plaintiff has not explained how he could see what was happening in inmate Peeples' cell from his location in the group room.  See Rhiner v. Sec'y, Fla. Dep't of Corr., 817 F. App'x 769, 778 (11th Cir. 2020) ("Rhiner failed to show that his wounds actually were caused by a razor because: (1) he was unconscious during the assault and could not have seen the weapon that his assailants used to cut him").

"An affidavit or declaration used to support or oppose a motion [for summary judgment] must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant

is competent to testify on the matters stated." Am. Heritage Life Ins. Co. v. Johnston, No. 21-12121, 2022 WL 30175, at *2 (11th Cir. Jan. 4, 2022) (citing Fed. R. Civ. P. 56(c)(4)); see also Corwin v. Walt Disney World Co., 475 F.3d 1239, 1249 (11th Cir. 2007) ("Even on summary judgment, a court is not obligated to take as true testimony that is not based upon personal knowledge." (quotation omitted)); "Ferreira-Silva v. AW Pro. & Maint. Serv., Inc., No. 0:21-CV-61442-KMM, 2022 WL 2438156, at *8 (S.D. Fla. June 5, 2022) (stating "affidavits cannot be conclusory and must be based on personal knowledge, not speculation"); Rodda v. Univ. of Miami, 542 F. Supp. 3d 1289, 1299 (S.D. Fla. 2021) (holding that a "conclusory affidavit" that "fails to demonstrate that the facts presented in the affidavit are based on personal knowledge beyond mere speculation or belief" is insufficient to defeat a summary judgment motion). Because Plaintiff's sworn statements fail to provide any basis to show how he had personal knowledge of what transpired in inmate Peeples cell when Plaintiff was located in the group room, they must be deemed to be speculation only.

Thus, Defendants' evidence on the second element of Plaintiff's claim is undisputed. There is no evidence to show Defendants knew inmate Peeples had a weapon, was seated next to Plaintiff so he could be

stabbed, that his restraints were loose, or that Peeples could break free of them. Thus, Plaintiff has not shown that the Defendants "knew of and disregarded an excessive risk to inmate health or safety." Farmer, 511 U.S. at 837, 114 S. Ct. at 1979.

There are some inferences which could be made from the fact that Peeples was able to slip his restraint and stab Plaintiff. Obviously the restraint was loose, but Plaintiff has not shown Defendants knew that. Peeples also had a weapon which should have been discovered if Defendants had properly searched him. But a finding of "deliberate indifference" requires more than an inference that Defendants "should have known." Franklin v. Curry, 738 F.3d 1246, 1250 (11th Cir. 2013) (finding plaintiff's allegations that the supervisory officers "knew or should have known of Officer Gay's pattern of inappropriate conduct" was insufficient to meet the deliberate indifference standard). Rather, a deliberate indifference claim requires evidence which shows the Defendants "actually knew" of facts from which an inference could be made that a "substantial risk of serious harm exists, and he must also draw the inference." Franklin, 738 F.3d at 1250 (quoting Goodman v. Kimbrough, 718 F.3d 1325, 1332 (11th Cir. 2013)). Plaintiff has not made that showing.

Accordingly, while there is some evidence to show that Plaintiff was at a risk of harm from inmate Peeples, there is insufficient evidence to show that merely placing Peeples, who was restrained, in a chair next to Plaintiff, who was also restrained, would result in an "excessive risk to" Plaintiff's safety. In the usual case, an inmate whose hands are restrained is unable to stab another inmate sitting in a chair. Plaintiff did not come forward with evidence to demonstrate that this unusual case is a matter of deliberate indifference. "Defendants arguably should have placed Plaintiff elsewhere" - in a chair farther away from inmate Peeples - but "merely negligent failure[9] to protect an inmate from attack does not justify liability under section 1983...." Brown v. Hughes, 894 F.2d 1533, 1537 (11th Cir. 1990) (quoted in Carter v. Galloway, 352 F.3d 1346, 1350 (11th Cir. 2003)). That is true even when one negligent act is followed by another negligent act. The motion for summary judgment motion should be granted in Defendants' favor.

---

[9] Indeed, Plaintiff alleged in his original complaint that Defendants "neglected to do their job" in searching inmate Peeples and in properly restraining him. ECF No. 1 at 6.

Case No. 4:20cv76-WS-MAF

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Defendants' motion for summary judgment, ECF No. 106, be **GRANTED** and judgment entered in Defendants' favor.

**IN CHAMBERS** at Tallahassee, Florida, on August 9, 2022.

 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**